UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK BOYD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:03CV551 CDP |
| | ) |
| LARRY ROWLEY et al., | ) |
| | ) |
| Respondents. | ) |

# MEMORANDUM AND ORDER

This matter is before me on the petition of Mark Boyd for a writ of habeas corpus under 28 U.S.C. § 2254. I referred this matter to United States Magistrate Judge Lewis M. Blanton for a report and recommendation on all dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636(b). On August 24, 2006, Judge Blanton filed his recommendation that petitioner's request for writ of habeas corpus be denied and that no certificate of appealability be issued. After I granted him an extension of time, petitioner filed his objections to Judge Blanton's report and recommendation on October 31, 2006.

I have conducted <u>de novo</u> review of all issues in this case, and have reviewed the record, evidence, and all arguments raised by the parties. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Blanton set forth in support of his Report and Recommendation of August 24, 2006.

Petitioner's objections do not raise any new issues not considered in full by the Magistrate Judge, and my review of the evidence shows that the Magistrate Judge's conclusions were correct. Petitioner argues that the Magistrate Judge failed to consider his claim of jury instruction error in light of prevailing Missouri law and that the Magistrate Judge failed to make adequate findings and provide a good discussion. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The Magistrate Judge found the submission of the challenged instructions consistent with clearly established federal law and I agree. The United States Supreme Court has held that a jury in a capital case must be given an instruction on lesser included noncapital offenses where the evidence warrants such a charge. Beck v. Alabama, 447 U.S. 625 (1980). In this case, petitioner does not dispute the sufficiency of the evidence and he can not use the jury's mercy in convicting him of a lesser included offense to avoid his conviction.

Petitioner alleges again that the "miscarriage of justice" exception applies to his procedurally defaulted argument regarding trial court error in granting the prosecution's motion in limine to exclude inculpatory statements. Application of this exception is limited to situations where actual innocence can be shown and petitioner

has not demonstrated or even provided evidence indicating innocence. As to the claims of ineffective assistance, petitioner has not shown any prejudice as a result of any alleged failure of counsel.

Additionally, petitioner argues that this Court cannot given any 'legal credit or weight' to the rulings of the Missouri Court of Appeals in this matter. This is simply wrong. Habeas relief can be granted only on limited grounds and the state court's rulings in a matter are persuasive and relevant. Overall, I agree with the conclusions of the Magistrate Judge and will therefore adopt the Report and Recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge [# 12] is adopted in its entirety, and the petition of Mark Boyd for a writ of habeas corpus is DENIED.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued, as none of the grounds raised present issues on which reasonable jurists could differ.

A separate judgment will be entered this same date.

                                              _____
                                              CATHERINE D. PERRY
                                              UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2006.